IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CIVIL NO. 08-00239 JMS-KSC |
| ) | |
| Petitioner, ) | FINDINGS AND |
| ) | RECOMMENDATION TO ENFORCE |
| vs. ) | IRS SUMMONS |
| ) | |
| SUSAN J. HOOVER, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

FINDINGS AND RECOMMENDATION TO ENFORCE IRS SUMMONS

Before the Court is an Order to Show Cause ("OSC") issued by United States District Judge J. Michael Seabright on May 27, 2008.  The matter came on for hearing on June 27, 2008.  Assistant United States Attorney Harry Yee appeared on behalf of Petitioner United States of America ("Petitioner") and Respondent Susan Hoover ("Respondent") appeared *pro se.*

After careful consideration of the submissions and arguments of counsel and Respondent, the Court FINDS and RECOMMENDS that the Internal Revenue Service ("IRS") summons issued on December 6, 2007 be enforced.

BACKGROUND

On December 6, 2007, the IRS issued an administrative summons to Respondent.  On December 11, 2007, Revenue Officer Michael Bernheimer served Respondent by leaving an attested copy of the summons on the front porch of Respondent's last and usual place of abode.  The summons directed Respondent to appear on January 8, 2008 to testify and produce for examination certain books, records, papers, and other data relevant to her tax liabilities for the taxable years 2003 and 2004.  Respondent failed to appear.

On May 23, 2008, Petitioner filed a petition to enforce the summons ("Petition").  On May 27, 2008, Judge Seabright issued the OSC.  He found that the IRS made a prima facie showing – 1) that the investigation is being conducted for a legitimate purpose; 2) that the inquiries may be relevant to that purpose; 3) that the information sought is not already within the IRS's possession; and 4) that the administrative steps required by the Internal Revenue Code have been followed.

Between approximately June 3, 2008 and June 18, 2008, Respondent submitted a number of unintelligible documents and affidavits, and she inappropriately requested certain information from individuals involved in this case, including this Court.

## DISCUSSION

Petitioner argues that it has made a prima facie showing for enforcing the summons and that Respondent has failed to comply.  Respondent does not oppose the enforcement of the summons and represented at the hearing that she intends to meet with Revenue Officer Michael Bernheimer and comply with the summons.

In order to obtain enforcement of a summons, or in an action by the taxpayer to quash a summons, the IRS need only make a prima facie showing of good faith in the issuance of the summons.  See Lidas, Inc. v. United States, 238 F.3d 1076, 1081-82 (9th Cir. 2001) (citing United States v. Powell, 379 U.S. 48 (1964)). The IRS must establish that: "(1) the investigation will be conducted for a legitimate purpose; (2) the inquiry will be relevant to such purpose; (3) the

information sought is not already within the Commissioner's possession; and (4) the administrative steps required by the Internal Revenue Code have been followed." Id. at 1082 (citing Powell, 379 U.S. at 57-58).  Courts generally hold that affidavits or declarations from IRS directors or agents can provide sufficient proof of the Powell elements.  See id. (citing United States v. Stuart, 489 U.S. 353, 360-61 (1989); Barquero v. United States, 18 F.3d 1311, 1317 (5th Cir. 1994)).

> Once the IRS makes the prima facie showing, the "heavy burden" of rebutting the presumption of good faith shifts to the taxpayer challenging the summons.  See id. (quoting United States v. Jose, 131 F.3d 1325, 1328 (9th Cir. 1997) (en banc)).  The taxpayer "'may challenge the summons on any appropriate ground,' including failure to meet the Powell requirements."  See id. (quoting Powell, 379 U.S. at 58).  This is a heavy burden, leaving the taxpayer with few defenses.  See United States v. Derr, 968 F.2d 943, 945 (9th Cir. 1992).  The taxpayer must present specific facts and

evidence to rebut the presumption of good faith. See Crystal v. United States, 172 F.3d 1141, 1144 (9th Cir. 1999).

In the present case, Judge Seabright has already determined that the IRS has made a prima facie showing of good faith in the issuance of the summons. It is therefore Respondent's heavy burden to rebut the presumption of good faith. Respondent does not oppose the enforcement of the summons and has not provided any legal or factual basis to disprove the IRS's prima facie case.

Accordingly, this Court finds and recommends that 1) the IRS summons issued on December 6, 2007, and served on Respondent on December 11, 2007, be enforced; 2) Respondent deliver to the offices of Revenue Officer Michael Bernheimer all documents requested in the summons by no later than July 25, 2008; and 3) if Respondent fails to abide by the Court's order, the IRS may move to find her in contempt.

## CONCLUSION

Based on the foregoing, this Court FINDS and

RECOMMENDS that the district court enforce the IRS summons issued on December 6, 2007.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, June 30, 2008.



_____
Kevin S.C. Chang
United States Magistrate Judge


CV 08-00239 JMS-KSC; <u>UNTIED STATES OF AMERICA V. HOOVER</u>; FINDINGS AND RECOMMENDATION TO ENFORCE IRS SUMMONS